IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                           Case No. 14–CR–30155–DRH

CLEVIS HOLMES

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

    On April 17, 2015, the Court sentenced Clevis Holmes to 188 months imprisonment (Doc. 34) and the Clerk entered judgment reflecting the same (Doc. 37). On October 19, 2015, Holmes filed a *pro se* motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines (Doc. 51). In accordance with this District's Administrative Order No. 167, Assistant Federal Public Defender G. Ethan Skaggs entered his appearance on behalf of Holmes (Doc. 44). Now the Assistant FPD—having determined there is no meritorious basis for obtaining the relief Defendant seeks pursuant to 18 U.S.C. § 3582(c)—has moved to withdraw his appearance (Doc. 57). See *Anders v. California*, 386 U.S. 738, 744 (1967). The Court allowed Holmes an opportunity to respond to the motion to withdraw (Doc. 58), but as of this date, he has not responded.

    Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered

by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant seeking a reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Commission.

Holmes is *not* entitled to a sentence reduction because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. §3582(c)(2). In this case, Holmes was sentenced as a career offender. Consequently, Holmes's, guideline range has not been lowered as a result of the application of Amendment 782, and he fails to satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 57) and **DENIES** Holmes' *pro se* motion for a sentence reduction (Doc. 51).

**IT IS SO ORDERED.**

Signed this 16th day of May, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.05.16 15:56:31 -05'00'

**United States District Judge**